**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-CV-61454-DIMITROULEAS/AUGUSTIN-BIRCH**

**CLARK WRIGHT,**

**Plaintiff,**

**v.**

**CHAIN.IO, INC. and FBP-OK, INC.,**

**Defendants.**
_______________________________________/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S**
**MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**

This matter comes before the Court on Plaintiff Clark Wright's Motion to Remand for Lack of Subject Matter Jurisdiction, which is fully briefed at docket entries 5, 18, and 19. The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to Remand to the undersigned United States Magistrate Judge for a report and recommendation. DE 12. The Court has carefully reviewed the briefing and the record and is otherwise fully advised in the premises. For the reasons given below, the Court recommends that the Motion to Remand [DE 5] be **DENIED**.

## I. Factual and Procedural Background

Wright filed a First Amended Complaint in state court, pleading claims of breach of contract, breach of the covenant of good faith and fair dealing, and contract rescission against his former employer, Defendant Chain.io, Inc. DE 1-4 at 19–31. He also pled a negligence claim against Defendant FBP-OK, Inc., the administrator of the employer-provided healthcare plan that covered him while he worked for Chain.io. *Id.* at 32–33.

As the basis for his claims, Wright alleged Chain.io terminated his employment on May 29, 2025. *Id.* ¶ 13. In connection with his termination, Chain.io presented him with a separation agreement. *Id.* ¶ 17. One paragraph of the separation agreement provided that Chain.io would continue to pay for and provide Wright with healthcare benefits under his healthcare plan through June 30, 2025. *Id.* ¶ 19. That paragraph did not require Wright to elect, opt in, or take any other step to continue his coverage. *Id.* A separate paragraph of the separation agreement advised Wright of his right to sign up for healthcare benefits under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). *Id.* ¶ 20.

Wright alleged that Chain.io instructed FBP to terminate his healthcare benefits with a last day of coverage of May 31, 2025. *Id.* ¶¶ 23, 26. But FBP terminated Wright's healthcare benefits as of May 29, 2025. *Id.* ¶ 26. Wright signed the separation agreement on July 13, 2025. *Id.* ¶ 37. Although he had not yet signed the separation agreement when Chain.io had his healthcare benefits terminated, Wright contends that terminating his healthcare benefits breached the separation agreement. *Id.* ¶ 53. He further contends that FBP's termination of his healthcare benefits two days earlier than Chain.io instructed—and over a month earlier than provided for in the separation agreement—without any notice to him was negligent. *Id.* ¶ 87. Among the relief Wright seeks are "out-of-pocket prescription and medical expenses, replacement-coverage premiums and associated out-of-pocket cost burdens." *Id.* at 34.

With Chain.io's consent, FBP removed the state case to federal court. DE 1. FBP contended in its notice of removal that there was subject matter jurisdiction in federal court under federal question jurisdiction. *Id.* ¶ 6. FBP asserted that this was so because Wright pled claims for healthcare benefits under a healthcare plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id.* ¶¶ 23, 28. FBP maintained that ERISA preempted the

state-law claims Wright pled and established federal question jurisdiction. *Id.* ¶¶ 23, 28. Wright subsequently moved to remand to state court, arguing that there is not federal question jurisdiction. DE 5.

## II. Analysis

A defendant may remove a state civil action to federal court if the action arises under the laws of the United States. 28 U.S.C. §§ 1331, 1441(a). "On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Id.* Under the well-pleaded complaint rule, "a case arises under federal law only if it is federal law that creates the cause of action." *Id.* (quotation marks omitted).

"Complete preemption, also known as super preemption, is a judicially-recognized exception to the well-pleaded complaint rule." *Id.* at 1344. Complete preemption "exists where the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim." *Id.* at 1343. Complete preemption "is jurisdictional in nature" and enables the removal of a state action to federal court. *Id.* at 1344.

ERISA regulates "employee welfare benefit plans," which include plans established or maintained by employers "for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . medical, surgical, or hospital care or benefits." 29 U.S.C. § 1002(1). Under ERISA, a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Id.* § 1132(a)(1)(B)

("ERISA § 502(a)(1)(B)"). ERISA § 502(a)(1)(B) "'definitively converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Borrero v. United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1301 (11th Cir. 2010) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)).

A lawsuit "falls within the scope of ERISA § 502(a)(1)(B)" when the plaintiff "brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state of federal) independent of ERISA or the plan terms is violated." *Conn. State Dental Ass'n*, 591 F.3d at 1345 (alteration omitted) (quoting *Davila*, 542 U.S. at 210). "In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Id.* (quoting *Davila*, 542 U.S. at 210). To determine whether there is complete preemption under ERISA § 502(a)(1)(B), the "*Davila* test thus requires two inquiries: (1) whether the plaintiff could have brought its claim under § 502(a); and (2) whether no other legal duty supports the plaintiff's claims." *Id.* The Court must make these two inquiries to determine whether there is complete preemption in this case.

**A. Whether Wright Could Have Brought His Claim Under ERISA § 502(a)(1)(B)**

*Davila*'s first inquiry "is satisfied if two requirements are met: (1) the plaintiff's claim must fall within the scope of ERISA; and (2) the plaintiff must have standing to sue under ERISA." *Id.* at 1350. "Under ERISA § 502(a)(1)(B), claims pursuant to ERISA benefit plans may be brought 'by a participant or beneficiary.'" *Borrero*, 610 F.3d at 1301 (quoting ERISA § 502(a)(1)(B)) (explaining that, in "*Davila*, it was clear that the plaintiffs, themselves participants

in and beneficiaries under ERISA plans, were appropriate parties to enforce rights under the statute”).

Here, Wright’s negligence claim against FBP meets the two prongs of *Davila*’s first inquiry. Wright seeks to recover damages in the form of healthcare benefits that he maintains are due under a healthcare plan that ERISA governs. He could have sought recovery under ERISA § 502(a)(1)(B). *See* ERISA § 502(a)(1)(B) (enabling a participant or beneficiary to bring a civil action “to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan”). His claim falls within ERISA’s scope. Further, as a participant in the healthcare plan, Wright has standing to sue under ERISA. *Davila*’s first inquiry is satisfied.

**B. Whether No Other Legal Duty Supports Wright’s Claim**

*Davila*’s second inquiry is satisfied when “the legal duty implicated [by a state-law claim] is dependent upon an ERISA plan.” *Borrero*, 610 F.3d at 1304. ERISA does not preempt claims that “implicate legal duties independent of those imposed by ERISA or an ERISA plan’s terms.” *Id.*

In *Davila*, individuals sued their health maintenance organizations (“HMOs”) in state court for violating the Texas Health Care Liability Act (“THCLA”) by failing to exercise ordinary care in handling healthcare coverage decisions. 542 U.S. at 204–05. The HMOs removed the cases to federal court, asserting that ERISA § 502(a)(1)(B) preempted the THCLA claims. *Id.* at 205. In arguing for remand, the individuals maintained that their THCLA claims implicated a duty of ordinary care that was independent of any duty imposed under ERISA or an ERISA plan. *Id.* at 212. The Supreme Court acknowledged that THCLA did impose a duty to exercise ordinary care in making healthcare treatment decisions. *Id.* But the Court concluded that this duty did “not

arise independently of ERISA or the plan terms." *Id.* "THCLA liability would exist here only because of [the HMOs'] administration of ERISA-regulated benefit plans." *Id.* at 213. The HMOs' "potential liability under the THCLA in these cases, then, derives entirely from the particular rights and obligations established by the benefit plans," so the "THCLA causes of action are not entirely independent of the federally regulated contract itself." *Id.* The Court ruled that the individuals' THCLA claims were preempted under ERISA § 502(a)(1)(B) and removable to federal court. *Id.* at 214.

Similarly, in *Ehlen Floor Covering, Inc. v. Lamb*, employees raised state-law claims including breaches of fiduciary duties against the administrator of their retirement plan after the Internal Revenue Service ("IRS") found that the plan did not comply with IRS rules. 660 F.3d 1283, 1286 (11th Cir. 2011). The case was removed from state court to federal court based on preemption under ERISA, and the employees contested removal and the existence of federal question jurisdiction. *Id.* The Eleventh Circuit Court of Appeals concluded that the employees' claims that the plan administrator abrogated its fiduciary duties "ar[o]se from the relationship established by the Plan and [the administrator's] duties under ERISA," creating federal question jurisdiction. *Id.* at 1288.

As in *Davila* and *Ehlen*, any duty FBP owed to Wright arose out of FBP's administration of the ERISA-regulated healthcare plan. FBP would not owe Wright any duty had FBP not undertaken to administer that plan. FBP's duty was not independent of the plan.

Wright's argument against ERISA preemption proves the Court's point. Wright argues that "Florida recognizes liability for negligent performance of an undertaking where the undertaking is for services that the actor should recognize as necessary for the protection of a third person." DE 19 at 4. He contends that the "duty alleged here is the ordinary duty to use reasonable

care when processing an instruction affecting a foreseeable third person." *Id.* FBP only undertook any services affecting Wright and processed any instruction affecting Wright because it was doing so as the administrator of an ERISA-regulated healthcare plan.

As was true of the state THCLA claims in *Davila* and the state breach-of-fiduciary-duty claims in *Ehlen*, Florida negligence law might create a duty that can arise outside of the ERISA context—a duty to use ordinary care. But as was true of the defendants in *Davila* and *Ehlen*, that state-law duty only applied to FBP because it administered Wright's ERISA-regulated healthcare plan. FBP's duty was dependent on the plan. *Davila*'s second inquiry is satisfied. As Wright's negligence claim against FBP meets the two *Davila* inquiries, ERISA § 502(a)(1)(B) preempts the claim, creates federal question jurisdiction, and permits removal.

In the First Amended Complaint, Wright disclaimed raising any claims arising under ERISA and asserted that he pled purely state-law claims. DE 1-4 ¶¶ 6–7. Labeling claims as state-law claims rather than ERISA claims does not forestall preemption because whether a claim falls under ERISA and is preempted is a legal conclusion for a court to make. *Borrero*, 610 F.3d at 1303 ("Appellants' attempt to characterize their claims as eluding the scope of ERISA itself presents a legal rather than factual conclusion. It is our function, however, to draw legal conclusions from the facts pled."). "[M]erely referring to labels affixed to claims to distinguish between preempted and non-preempted claims is not helpful because doing so would elevate form over substance and allow parties to evade the pre-emptive scope of ERISA." *Conn. State Dental Ass'n*, 591 F.3d at 1350 (quotation marks omitted). Wright's allegations that disclaim raising ERISA claims do not carry weight when his negligence claim, as it is pled, is preempted under ERISA.

For the purpose of its preemption analysis, the Court has focused on Wright's negligence claim against FBP because FBP is the removing party contending that there is federal question jurisdiction over this case. The Court has concluded that there is federal question jurisdiction over the negligence claim. As there is federal question jurisdiction over that claim, the Court need not also determine whether there is federal question jurisdiction over Wright's claims against Chain.io. That is because, even if there were not federal question jurisdiction over the claims against Chain.io, there nevertheless would be subject matter jurisdiction over those claims because they are joined with the preempted negligence claim that creates federal question jurisdiction and permits removal. "[W]here removal jurisdiction exists over a completely preempted claim, the district court has jurisdiction over any claims joined with the preempted claim." *Id.* at 1353.

## III. Recommendation

Because there is federal question jurisdiction that permitted FBP to remove this case from state court, the Court recommends that Plaintiff's Motion to Remand [DE 5] be **DENIED**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 20th day of August, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE