UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 26-CV-61454-WPD

CLARK WRIGHT,

Plaintiff,

v.

CHAIN.IO, INC. and FBP-OK, INC.,

Defendants.

_________________________________/

**ORDER APPROVING REPORT OF MAGISTRATE JUDGE; OVERRULING OBJECTIONS; DENYING MOTION TO REMAND**

THIS CAUSE is before the Court on and the August 20, 2026 Report and Recommendation by Magistrate Judge Panayotta Augustin-Birch (the "Report") [DE 23]. The Court has conducted a *de novo* review of the Report [DE 23], Plaintiff Clark Wright ("Plaintiff")'s Objections to the Magistrate Judge's Report and Recommendations [DE 25], Defendant FBP-OK, Inc. ("FBP-OK")'s Response to Plaintiff's Objections [DE 30], and is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de*

*novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1).

Accordingly, the Court has undertaken a *de novo* review of the record and Plaintiff's Objections to Magistrate Judge's Report and Recommendation. The Court agrees with the Magistrate Judge's conclusions in the Report that Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction [DE 5] should be denied based on the reasons stated therein. Plaintiff's Objections [DE 25] are overruled.

Defendant FBP-OK has met its burden of showing the existence of federal subject matter jurisdiction. Plaintiff's negligence claim against Defendant FBP-OK (the processor/administrator of the employer-provided healthcare plan that covered him while he worked for Defendant Chain.io, Inc.) in Count IV of the Complaint satisfies both prongs of the test set forth in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)). Therefore, despite the label assigned to the claim against Defendant FBP-OK in Plaintiff's pleading, the claim is subject to ERISA complete preemption. Based on the "superpreemption" of Count IV, the Court also properly has jurisdiction over Counts I-III of the Complaint, Plaintiff's state law claims against Plaintiff's former employer, Defendant Chain.io, Inc. ("Chain.io"). *See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1353 (11th Cir. 2009) ("As for the remaining claims, where removal jurisdiction exists over a completely preempted claim, the district court has jurisdiction over any claims joined with the preempted claim."); *see also Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207*, 1215 (11th Cir. 1999) ("Because Simply Fashion's

claims were joined with superpreempted (and therefore removable) claims, furthermore, the district court could properly retain jurisdiction over them.") (citing 28 U.S.C. § 1441(c)).[1]

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 23] is hereby **APPROVED**;
2. Plaintiff's Objections [DE 25] are **OVERRULED**;
3. Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction [DE 5] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of September, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Magistrate Judge Panayotta Augustin-Birch

Counsel of record and *pro se* parties

[1] It would also appear that the Court has supplemental party jurisdiction over Plaintiff's state law claims against Defendant Chain.io pursuant to 28 U.S.C. § 1367(a), as these claims are "so related" to Plaintiff's ERISA complete preempted negligence claim against Defendant FBP-OK "that they form part of the same case or controversy." § 1367(a). *See Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1567 (11th Cir. 1994).